IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT CALVIN ABNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:12-CV-417-TMH |
| ) | [WO] |
| ) | |
| CLAY STEWART, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Robert Calvin Abney ["Abney"], an indigent inmate confined at the Chambers County Jail, on May 9, 2012. In this complaint, Abney challenges his confinement in isolation at the jail and the calculation of his jail credit.

Pursuant to the orders of this court, the defendants filed written reports supported by relevant evidentiary materials in which they addressed the claims for relief presented by Abney. These reports and evidentiary materials refute the conclusory allegations presented by Abney in the complaint. Specifically, these documents demonstrate that the defendants did not act in violation of Abney's constitutional rights.

In light of the foregoing, the court issued an order directing Abney to file a response to the defendants' written reports. *Order of June 29, 2012 - Doc. No. 16*. The order advised Abney that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this**

**action**." *Id*. at 1-2 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*. at 2.  The time allotted Abney for filing a response in compliance with the directives of this order expired on July 19, 2012.  As of the present date, Abney has failed to file a requisite response in opposition to the defendants' written reports.  The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear dismissal of this case is the proper course of action.  Abney is an indigent inmate.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Abney's actions indicate a loss of interest in the continued prosecution of this case and the reports filed by the defendants indicate that no violation of the Constitution occurred.  Finally, Abney has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case.  It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate

x

Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before October 4, 2012, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of September, 2012.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE